UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| GUMWAND INC. | : |
| Plaintiff, | : |
| v. | : 18 Civ. |
| GUMWAND.COM | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COMPLAINT

Plaintiff Gumwand Inc. ("Gumwand"), by its undersigned counsel, for its complaint against defendant Internet domain name www.gumwand.com (the "Domain Name"), alleges:

Nature of the Action

1. Gumwand brings this cybersquatting action to obtain relief pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2) ("ACPA").

Jurisdiction and Venue

2. This Court has *in rem* jurisdiction over the Domain Name under 15 U.S.C. § 1125(d)(2)(C) because VeriSign, Inc. ("VeriSign"), the registry of .com domain names, is located in this District, specifically in Reston, Virginia.

3. This Court has subject matter jurisdiction over the claim in this action pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(I), because Gumwand is unable to obtain *in personam* jurisdiction over Jared Brading ("Brading"), the person responsible for registering, using, and trafficking in the Domain Name.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 1125(d)(2)(C) because the registry of the Domain Name, and thus the Domain Name, is located within this district.

5.     Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), and as this Court may direct, Gumwand will provide notice and a filed, stamped copy of this complaint to the Registrar of the Domain Name, 123-Reg Limited, and to VeriSign, as operator of the Registry of Domain Names.

## The Parties to this Action

6.     Plaintiff Gumwand is a New York corporation, with its principal place of business at 303 Smith Street, Suite 4, Farmingdale, New York 11735.

7.     Upon information and belief, and according to information from the ADR Forum ("Forum"), an Internet domain name arbitration and mediation service, the Domain Name is registered to Brading. Brading is an individual residing at 69 Wych Lane, Gosport, Gosport, PO13 0TA, Great Britain. A July 3, 2018, letter from the Forum identifying Brading as the registrant of the Domain Name is attached as Exhibit A.

8.     The Domain Name, which contains a ".com" extension, resides within the registry VeriSign, which is responsible for maintaining the ".com" registry. The ICANN WHOIS registration that demonstrates that VeriSign is responsible for the maintenance of the Domain Name is attached as Exhibit B.

## Statement of Facts

A.     Procedural History

9.     On February 11, 2015, Gumwand initiated a proceeding, *Gumwand Inc. v. Gum Wand Ltd*, 15 Civ. 707 (LDW), in connection with the Domain Name in the Eastern District of New York. At the time Gumwand initiated the proceeding, Gumwand believed the Domain Name

to be registered to Gum Removers Ltd.  The Court issued a default judgment on July 26, 2017, ordering Gum Wand Ltd. to transfer to Gumwand the ownership of the Domain Name (the "Default Judgment").  A copy of the Default Judgment is attached as Exhibit C.

10. On April 28, 2015, Gum Wand Ltd. changed its name to Steam E Limited.  A copy of the corporate name change document is attached as Exhibit D.

11. On October 26, 2017, Gumwand served the Default Judgment on Gum Wand Ltd.  A copy of the proof of service is attached as Exhibit E.

12. On May 12, 2018, Steam E Limited changed its name to Gum Removers Limited.  A copy of the corporate name change document is attached as Exhibit F.

13. On July 3, 2018, counsel for Gumwand received a letter from the Forum identifying Brading as the registrant of the Domain Name. (Ex. A)

14. Brading is, and at all relevant times has been, a principal of Gum Removers Ltd.

B. <u>Gumwand's Ownership of the GUMWAND Mark</u>

15. Gumwand owns the trademark for GUMWAND and has received U.S. Certificate of Trademark Registration Nos. 4,676,168, 4,635,305, and 4,676,524; and European Community Trade Mark Registration Nos. 013099841, 013235965, and 012838918.  These registrations are valid and subsisting.  Copies of certificates of registration for the GUMWAND mark are attached as Exhibit G.

16. Gumwand uses the domain name www.gumwand.net in connection with its GUMWAND mark to sell steam cleaners for removing gum from surfaces.

C. <u>The Infringing Use of the Domain Name</u>

17. Upon information and belief, Brading registered the Domain Name on November 28, 2012. (Ex. B) Brading has used the Domain Name to sell steam cleaners for removing gum from surfaces.

18. The Domain Name is confusingly similar to, and dilutive of, Gumwand's registered GUMWAND mark because it fully incorporates the GUMWAND mark.

19. Brading has acquired no trademark or service mark rights to the Domain Name.

20. Brading has not made a legitimate non-commercial or fair use of the Domain Name. Brading has operated a commercial website offering for sale internationally, counterfeit merchandise by using the GUMWAND mark under the Domain Name. A copy of this website as it appeared as of February 11, 2015 is attached as Exhibit H.

21. Brading continues to use the Domain Name to trade on Gumwand's good will, by redirecting the website viewer to competing products at www.steam-e.com, posted by a company in which Brading is a principal. A copy of the website as it appears today, now redirecting to www.steam-e.com, is attached as Exhibit I.

FIRST CLAIM FOR RELIEF
(Violation of the Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d)(2))

22. Gumwand incorporates by reference each allegation contained in Paragraphs 1 through 21 above.

23. Gumwand owns the GUMWAND mark and the trademark registrations for it, which are both valid and enforceable.

24. As set forth above, and under 15 U.S.C. § 1125(d)(2)(A)(i), the Domain Name violates and infringes Gumwand's long held rights in its GUMWAND mark.

25. Brading has a bad faith intent to profit from his unauthorized use of the GUMWAND mark by diverting customers searching for Gumwand, including Gumwand's

website www.gumwand.net, to www.steam-e.com via the Domain Name. This harms the goodwill represented by Gumwand's GUMWAND mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Domain Name.

26. Brading has no trademark or other intellectual property rights in the Domain Name. Upon information and belief, the Domain Name does not consist of the legal name of the registrant or a name that is otherwise commonly used to identify the registrant. Upon information and belief, the registrant has made no prior use of the Domain Name in connection with the bona fide offering of any goods or services or a legitimate noncommercial or fair use thereof.

27. The continued registration and use of the Domain Name violate 15 U.S.C. § 1125(d)(2), which protects U.S. trademark owners and prohibits the registration of Internet domain names that are confusingly similar to any trademark.

## PRAYER FOR RELIEF

WHEREFORE, Gumwand respectfully requests judgment:

A. That the Domain Name be adjudged to infringe Gumwand's GUMWAND mark in violation of 15 U.S.C. § 1125(d)(2);

B. That the Court enter preliminary and permanent relief ordering VeriSign to transfer the Domain Name from its current registrar to an account at a registrar located within the United States;

C. That the registration to which the domain name is transferred all register the Domain Name in the name of Gumwand, and take instructions from Gumwand on all WHOIS records and DNS entries;

D. That Gumwand be granted such other and further relief as the Court may deem just and proper.

Dated:  August 9, 2018

                                                RIEBLING IP, PLLC

By: */s/ Peter J. Riebling*
(Virginia Bar. No. 37467)
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, D.C. 20006-3591
Telephone: (202) 631-2021
peter.riebling@rieblinglaw.com

Attorney for Plaintiff
Gumwand Inc.